# NO. 12-17-00360-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH WAYNE BOYD, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kenneth Wayne Boyd, Jr. appeals his convictions for possession of a controlled substance, enhanced. In two issues, Appellant contends the trial court abused its discretion when it denied his motion to suppress. We affirm.

## BACKGROUND

Appellant was arrested and charged by indictment with two counts of possession of a controlled substance. Count One alleged Appellant possessed phencyclidine in an amount of four grams or more but less than two hundred grams. Count Two alleged Appellant possessed cocaine in an amount of one gram or more but less than four grams. Both charges were enhanced by two prior felony convictions. Appellant pleaded "not guilty" to both counts and the matter proceeded to a jury trial.

During the trial, Appellant made an oral motion to suppress arguing that his initial detention by law enforcement was not based on reasonable suspicion. Appellant further argued that his statements to law enforcement were made without the required warnings. Following a hearing, the trial court denied Appellant's motion.

At the conclusion of trial, the jury found Appellant "guilty" of both counts. Following a separate punishment hearing, the trial court sentenced Appellant to ninety-nine years

imprisonment for Count One and twenty years imprisonment for Count Two, to run concurrently. This appeal followed.

## MOTION TO SUPPRESS

In two issues, Appellant argues the trial court improperly denied his motion to suppress. In his first issue, he contends that his arrest was the result of an investigative detention made without reasonable suspicion. In his second issue, Appellant urges that his statement to Officer Guiseppe Celafu with the Nacogdoches Police Department was the result of a custodial interrogation conducted without the warnings required by Article 38.22 of the code of criminal procedure and *Miranda v. Arizona*.

### Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When a trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). When all evidence is viewed in the light most favorable to the trial court's ruling, an appellate court is obligated to uphold the ruling on a motion to suppress if that ruling was supported by the record

and correct under any theory of law applicable to the case. *See Ross*, 32 S.W.3d at 856; *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Because the trial court in this case did not make express findings, we view the evidence in the light most favorable to the trial court's ruling and assume it made implicit findings that support its ruling as long as the record supports those findings. *See Lujan*, 331 S.W.3d at 771.

To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007); *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009). A defendant can satisfy this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672.

The burden then shifts to the State to establish that the seizure was reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An objective standard is used when determining if the officer had a reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This standard is whether the officer has "specific, articulable facts that, combined with rational inferences from those facts, would lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id.* This test also includes the totality of the circumstances. *Id.*

**The Traffic Stop**

In his first issue, Appellant contends he was stopped without reasonable suspicion. He urges that exiting a church parking lot, without evidence of activity that would have been clearly distinguishable from that of innocent people, is insufficient to support reasonable suspicion. Under the facts of this case, we disagree.

An officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See Ford*, 158 S.W.3d at 492. Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See Ala. v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416–17, 110 L. Ed. 2d 301 (1990); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). Information passed on by another can provide an officer with a reasonable suspicion. *See Mitchell v. State*, 187 S.W.3d 113, 117–18 (Tex. App.—Waco 2006, pet. ref'd). Circumstances that raise the suspicion of illegal conduct need not be criminal in themselves. *Crockett v. State*, 803 S.W.2d 308, 311 (Tex.

Crim. App. 1991). Rather, they may include facts which in some measure render the likelihood of criminal conduct greater than it would be otherwise. *Id.* There may be instances when a person's conduct, if viewed in vacuum, appears innocent; however, when viewed within the totality of the circumstances, those circumstances give rise to reasonable suspicion. *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007) (citing *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)).

Officer Cefalu testified at the suppression hearing that he was dispatched to a gas station in response to an aggravated robbery. The gas station clerk reported that a subject entered the store wearing a red mask and dark clothing and held the clerk up at gunpoint. Cefalu testified that he arrived at the gas station within "a couple minutes." As he approached the store, he saw a vehicle appear from behind the church next door to the gas station. No other vehicles were in the church parking lot and 8:00 in the morning was early for anyone to be at the church. Sergeant Keith Hawkins with the Nacogdoches Police Department, who was with Cefalu, told him to stop the car. When Cefalu initiated the traffic stop, the vehicle did not immediately stop. Cefalu testified that it "slow-rolled a little bit" before pulling into the gas station's parking lot. Cefalu stated that he had a reasonable suspicion that the car leaving the church was involved in the aggravated robbery because it was reported that the suspect fled on foot in the direction of the church.

When viewed within the totality of the circumstances, these facts gave rise to specific, articulable facts that, combined with rational inferences from those facts, would lead Cefalu to conclude that Appellant had been engaged in criminal activity. *See Derichsweiler*, 348 S.W.3d at 914; *see also Woods*, 956 S.W.2d at 38. Thus, Cefalu was justified in conducting a temporary detention. *See Ford*, 158 S.W.3d at 492. Appellant's first issue is overruled.

**Appellant's Statements**

In his second issue, Appellant argues that his statement that he was hiding "dope" should have been suppressed because he did not receive the warnings required by Article 38.22 and *Miranda*. He contends that he was in custody when Cefalu questioned him and, therefore, he should have been read his rights.

Cefalu testified that, once he stopped Appellant's vehicle, he was armed and detained Appellant in handcuffs. Because he was responding to an aggravated robbery, Cefalu was concerned that Appellant had a weapon on his person; therefore, officer safety was his

4

immediate concern. As a result, he proceeded to "pat down" Appellant for weapons. Every time Cefalu reached around to the front of Appellant's stomach, Appellant bent forward, which Cefalu found unusual. Cefalu, worried about the possibility of a weapon, asked Appellant if he was hiding something. Appellant responded that he had "dope." Because Appellant said that he had "dope" in his pants, Cefalu proceeded to search him for narcotics, which he found in Appellant's pants. Cefalu then arrested Appellant.

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Ariz.*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966). Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id*. Where, as in this case, the facts are undisputed and there are no questions of credibility or demeanor, we review de novo the question of whether a statement was the product of custodial interrogation. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

In determining whether an individual was in custody, the ultimate inquiry is whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *Stansbury v. Cal.*, 511 U.S. 318, 322, 114 S. Ct. 1526, 1528–29, 128 L. Ed. 2d 293 (1994) (per curiam). The determination depends on the objective circumstances, not on the subjective views of either the interrogating officers or the person being questioned. *Id.* 511 U.S. at 323, 114 S. Ct. at 1529. Moreover, the determination is made on an ad hoc basis. *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996). Custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest. *Id.*

Here, it is undisputed that Officer Cefalu did not read Appellant the warnings required under *Miranda* and Article 38.22 prior to asking Appellant questions. 384 U.S. at 444, 86 S. Ct. at 1612; *see* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a)(1)-(5) (West 2018). Appellant argues that his answer to Officer Cefalu's question regarding whether he was hiding anything was the product of a custodial interrogation. However, the evidence shows that this statement was made in response to a question that Officer Cefalu asked Appellant shortly after pulling him over and identifying him.

5

A traffic stop does not constitute "custody" for *Miranda* purposes. *Henderson v. State*, 05-14-00025-CR, 2014 WL 6780647 at *4 (Tex. App.—Dallas Dec. 2, 2014, pet. ref'd) (mem. op., not designated for publication); *see also State v. Stevenson*, 958 S.W.2d 824, 828 (Tex. Crim. App. 1997) (citing *Berkemer v. McCarty*, 468 U.S. 420, 441, 104 S. Ct. 3138, 3151, 82 L. Ed. 2d 317 (1984)). An officer may detain a person in order to gather information in the course of a roadside investigation before placing the person in custody under *Miranda*. *Henderson,* 2014 WL 6780647 at *4; *see also Lewis v. State*, 72 S.W.3d 704, 707–13 (Tex. App.—Fort Worth 2002, pet. ref'd). Thus, Appellant was not in custody at the time he made the challenged statement and, as a result, warnings were not required. *See Kutch v. State*, No. 12-17-00103-CR, 2018 WL 2715367, at *5 (Tex. App.—Tyler June 6, 2018, no pet. h.) (mem. op., not designated for publication).

However, Appellant argues that he was in custody for *Miranda* purposes because he was placed in handcuffs prior to being questioned. There is no bright-line rule establishing that a person who is handcuffed is per se in custody. *Matter of S.C.*, 523 S.W.3d 279, 283 (Tex. App.– San Antonio 2017, pet. denied). Handcuffing for purposes of an investigative detention— including investigation, maintenance of the status quo, and officer safety—does not necessarily give rise to a custodial interrogation. *Id.* The record in this case indicates Appellant was not in custody during the time he was handcuffed and being questioned by Officer Cefalu. Rather, he was merely detained for officer safety and investigatory purposes. Although Officer Cefalu physically deprived Appellant of his freedom of movement and acknowledged that Appellant was not free to leave while handcuffed, an officer may handcuff a suspect to detain him for officer safety and to preserve the status quo. *Champagne v. State*, No. 04-17-00029-CR, 2018 WL 442763, at *3 (Tex. App.—San Antonio Jan. 17, 2018, no pet.) (mem. op., not designated for publication). Therefore, Appellant was not in custody, even though he was handcuffed, and *Miranda* warnings were not required. *See id.* For this reason, the trial court did not err in admitting the statements. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 29, 2018**

**NO. 12-17-00360-CR**

**KENNETH WAYNE BOYD, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F1420870)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*